

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| EUSTOLIA ALVAREZ, | Case No. 26-cv-2772-BAS-MMP |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO COMPEL ARBITRATION** |
| v. | **(ECF No. 3)** |
| MARRIOTT RESORTS HOSPITALITY CORPORATION, | |
| Defendant. | |

## I.   BACKGROUND

Presently before the Court is Defendant's motion to compel arbitration. (ECF No. 3.) Plaintiff's opposition to the motion concedes: "Plaintiff does not oppose Defendant's Motion for Arbitration." (ECF No. 4.) Nevertheless, Plaintiff requests that the Court delay any order compelling arbitration and first send the parties to an Early Neutral Evaluation ("ENE") Conference to discuss settlement. (*Id*.) Defendant filed a reply, rejecting the proposal to participate in an ENE Conference before arbitration. (ECF No. 5.) Defendant affirms its non-opposed request to compel arbitration. (*Id*.)

## II.   ANALYSIS

The Federal Arbitration Act ("FAA") makes arbitration agreements "valid, irrevocable, and enforceable." 9 U.S.C. § 2. The FAA allows a party in the agreement to "petition any United States district court . . . for an order directing that such arbitration

26cv2772

proceed in the manner provided for in such agreement." 9 U.S.C. § 4. The court's role is to enforce arbitration agreements "according to their terms." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010).

Here, given that Defendant opposes the request for an ENE Conference before arbitration and Plaintiff does not oppose Defendant's motion for arbitration, the Court enforces the arbitration agreement between the parties.

## III.   CONCLUSION

Accordingly, the Court **GRANTS** Defendant's motion to compel arbitration. (ECF No. 11.) The Court **ORDERS** the parties to proceed to arbitration in the manner provided for in the Arbitration Agreement. *See* 9 U.S.C. § 4. The Court will **STAY** the case pending arbitration.

Lastly, the Court directs the Clerk of Court to **ADMINISTRATIVELY CLOSE** this case. The decision to administratively close this case pending resolution of the arbitration does not have any jurisdictional effect. *See Dees v. Billy*, 394 F.3d 1290, 1294 (9th Cir. 2005) ("[A] district court order staying judicial proceedings and compelling arbitration is not appealable even if accompanied by an administrative closing.").

**IT IS SO ORDERED.**

**DATED: June 5, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv2772